IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

NATIONAL ASSOCIATION OF
INDEPENDENT LABOR, *et al.*,

    **Plaintiffs,**

v.                                          CIVIL ACTION NO. 4:17cv29

DONALD TRUMP, *et al.*,

    **Defendants.**

*MEMORANDUM OPINION AND ORDER*

This matter comes before the Court on a Motion submitted by Donald Trump, in his official capacity as President of the United States; James Mattis, in his official capacity as Secretary of Defense; Heather Wilson, in her official capacity as Secretary of the United States Air Force; the U.S. Department of Defense; and the U.S. Department of the Air Force ("Defendants") to dismiss the lawsuit submitted by National Association of Independent Labor ("NAIL") and Kevin Snider ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Having reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 3, 2017, Plaintiffs, through counsel, filed a Complaint against Defendants. ECF No. 1. Plaintiffs allege that then-President Barack Obama issued Executive Order 13760 ("EO 13760"), which excluded employees of Headquarters, United States Transportation Command ("USTRANSCOM") and the Joint Enabling Capabilities Command (its subordinate command), from engaging in collective bargaining because these employees have a primary function in

1

national security work. NAIL seeks to challenge that determination on behalf of itself and approximately 236 USTRANSCOM employees at Scott Air Force Base in St. Clair County, Illinois, along with individual Plaintiff Kevin Snider ("Snider"), a USTRANSCOM employee and NAIL member. These employees are asserting a single claim under the First Amendment. Specifically, Plaintiffs assert that EO 13760 violates NAIL's former members' First Amendment rights to associate, assemble, and petition the government by belonging to a labor union.

On June 6, 2017, Defendants filed the instant Motion to Dismiss, requesting that this Court dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. ECF No. 15. Defendants argue that the First Amendment, as the Supreme Court has recognized, does not obligate the United States to recognize a public employee union for collective bargaining purposes, and should therefore be dismissed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The United States Supreme Court has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, at the motion to dismiss stage, the court is bound to accept all of the factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In considering a Rule 12(b)(6) motion to dismiss, the Court cannot consider "matters outside the pleadings" without converting the motion to a summary judgment proceeding. Fed. R. Civ. P. 12(d). Nonetheless, the Court may still "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

### III. DISCUSSION

Plaintiffs contend that EO 13760 violates the First Amendment by denying certain USTRANSCOM employees the right to have NAIL represent the employees in collective bargaining.

"The First Amendment does not impose any affirmative obligation on the government ... to recognize [a public employee union] and bargain with it." *Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 465 (1979); *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 313 (1979). A union's right to be recognized by the government for collective bargaining purposes is "purely statutory," not constitutional. *Am. Fed'n of Gov't Emps., ALF-CIO v. Loy (AFGE)*, 281 F. Supp. 2d 59, 65 (D.D.C. 2003), *aff'd on other grounds*, 367 F.3d 932 (D.C. Cir. 2004). The Federal Service Labor-Management Relations Statute ("FSLRA")

requires the government to acknowledge particular labor unions as representing various federal employees for collective bargaining purposes and to protect those employees from government potential interference with their participation in union activities. *See generally* 5 U.S.C. § 7103(b)(1) (2014).

Plaintiffs provide that the FLSRA is the mechanism for the existence of the federal labor union, and without FLSRA, no federal union exists. Plaintiffs argue that exempting employees from coverage goes much further than declaring employees have no right to bargain; the exemption directly prevents the employees from being members of a federal labor organization.

Defendants argue that Plaintiffs' claim fails because the First Amendment does not guarantee the right to have the United States recognize a union for collective bargaining purposes. Defendants further contend that because Plaintiffs' Complaint is premised entirely on the alleged violation of a First Amendment right that does not exist, Plaintiffs fail to state a claim upon which relief can be granted.

The Court finds that Defendants did not violate the First Amendment rights of Plaintiffs. EO 13760 does not prohibit USTRANSCOM employees from associating by joining NAILS, from petitioning the government, or from engaging in any other activity protected under the First Amendment. EO 13760 only affects the government's actions by relieving the Department of Defense of any obligation to deal or bargain with unions representing USTRANSCOM employees. Exempting employees at USTRANSCOM Headquarters from the FLSRA does not preclude employees from belonging to a labor union; rather, it prohibits federal agencies from negotiating with these employees.

Thus, there is no violation of Plaintiffs' First Amendment rights to associate.

4

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**. Accordingly, this matter is hereby **DISMISSED**. The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 24, 2017

/s/
Raymond A. Jackson
United States District Judge

5